**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6004**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVE ANDRAE TAYLOR, a/k/a Indian, a/k/a
Nicholas, a/k/a Spike,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, District
Judge. (CR-99-145-2)

———————

Submitted: July 21, 2004          Decided: August 26, 2004

———————

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Dave Andrae Taylor, Appellant Pro Se. Robert E. Trono, Brian
Ronald Hood, Assistant United States Attorneys, Richmond, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dave Andrae Taylor seeks to appeal the district court's order construing his motion filed under Fed. R. Civ. P. 60(b) as a 28 U.S.C. § 2255 (2000) motion and dismissing it as successive. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). See Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004) ("[Section] 2253(c) requires that a habeas petitioner obtain a [certificate of appealability] in order to appeal the denial of a Rule 60(b) motion."). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Taylor has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent that Taylor's notice of appeal and appellate brief can be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. See

United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). We deny leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED